# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORMAN PETE | CIVIL ACTION |
| VERSUS | NO. 18-10535 |
| ROBERT C. TANNER, WARDEN | SECTION: "R"(3) |

## O R D E R

Petitioner, Norman Pete, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his state criminal judgment on two counts of forcible rape and one count of second-degree kidnapping under Louisiana law.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same state criminal judgment. That petition was dismissed with prejudice on the merits. Pete v. Tanner, No. 09-3403, 2015 WL 3404881 (E.D. La. May 26, 2015). The United States Fifth Circuit Court of Appeal then denied petitioner a certificate of appealability. Pete v. McCain, No. 15-30499 (5th Cir. Mar. 2, 2016). On May 31, 2016, the United States Supreme Court denied his related petition for writ of certiorari. Pete v. McCain, 136 S. Ct. 2397 (2016).

In 2017, petitioner then filed another federal habeas corpus application challenging that same state criminal judgment. Because that application was a second or successive petition, the Court construed it in part as a motion for authorization for the

1

District Court to consider the second or successive claims raised therein and transferred it to the United States Fifth Circuit Court of Appeals for that Court to determine whether petitioner was authorized under 28 U.S.C. § 2244(b) to file the application. Pete v. Tanner, No. 17-1802 (E.D. La. Mar. 31, 2017). The Court of Appeals denied authorization for the filing. *In re* Pete, No. 17-30251 (5th Cir. June 21, 2017).

The petition presently before the Court is likewise a second or successive petition as described by 28 U.S.C. § 2244. Therefore, in to overcome the prohibition against the filing of a second or successive claim under that section, petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the instant petition can be considered on the merits by this District Court, petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until

such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.

Accordingly,

**IT IS ORDERED** that Norman Pete's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 7th day of November, 2018.

*Sarah Vance*
_____
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**